UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-cv-11788-RGS

STEVEN WAYLEIN

v.

MASSACHUSETTS TREATMENT CENTER

ORDER DISMISSING PETITION

November 19, 2021

STEARNS, D.J.

*Pro se* petitioner Steven Waylein's ("Waylein") 28 U.S.C. §2241 Petition for a Writ of Habeas Corpus (Dkt. No. 1) is DENIED and the action is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as applicable to a 28 U.S.C. §2241 petition under Rule 1(b), because "it plainly appears from the petition…that the petitioner is not entitled to relief" where the named respondent, the Massachusetts Treatment Center is not a proper respondent and the court is without jurisdiction. The Clerk is directed to enter a separate order of dismissal.

"The federal habeas statute provides that the appropriate respondent to a habeas petition is 'the *person* who has custody over' the petitioner." *Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 43 (D. Mass. 2016) (emphasis added) (quoting 28 U.S.C. § 2242); *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent is 'the person' having custody over the petitioner.") The named respondent, the Massachusetts Treatment Center is not a "person" pursuant to Section 2242. Waylein has not named the proper respondent, and on this basis alone, "the petition may be dismissed without prejudice to its refiling with the correct respondent." *McPherson v. Holder*, 14-CV-30207-MGM, 2015 WL 12861171, at *2 (D. Mass. Mar. 4, 2015); *see Crites v. Madison County Jail*, 18-CV-611-DRH, 2018 WL 1832919, at *2 (S.D. Ill. Apr. 17, 2018) ("Jail is not a proper respondent in a habeas action generally."). While the court typically might allow amendment of the petition to substitute the proper respondent, it declines to do so here because, among other apparent defects, it appears Waylein may not have exhausted his administrative remedies. *See Hunt v. Dennehy*, CIV A. 06-10062-DPW, 2006 WL 1716769, at *1 (D. Mass. June 19, 2006) (dismissing petition of state civil detainee for failure to exhaust state remedies).

The Motion to Proceed in Forma Pauperis (Dkt. No. 2) is <u>DENIED</u> as <u>MOOT</u>.

Pursuant to 28 U.S.C. §2253 (c)(2) a certificate of appealability is hereby <u>DENIED</u> where there is no substantial showing of the denial of a constitutional right.

        SO ORDERED.

        <u>/s/ Richard G. Stearns</u>
        UNITED STATES DISTRICT JUDGE